**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cole William Neufeld, | No. CV-20-08155-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is Petitioner Cole Neufeld's Petition for Writ of Habeas Corpus. Petitioner is challenging a twenty (20) year sentence following a plea agreement for molestation of a child and attempted molestation of a child, pursuant to 28 U.S.C. § 2254. If this Petition is granted and the State tries Petitioner in state court, Petitioner would face a potential minimum sentence of seventy (70) years. (Doc. 1 at 128). The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the Petition be denied. (Doc. 13). Petitioner filed his objections (Doc. 14) and Respondents responded to the objections (Doc. 15).

**I.     Review of State Court Decision**

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established federal law" or was based on an

unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1). Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

## II.  Factual Background

The R&R recounts the factual and procedural history of this case, as well as the governing law, at pages 1–13. (Doc. 13 at 1–4). Neither party has objected to this portion of the R&R and the Court hereby accepts and adopts it.

## III.  Objection to the R&R

### A.  Governing Law

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object"). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [R&R] to which an objection is made.").

However, global or general objections are insufficient to cause the Court to engage in a de novo review of an R&R. *See Kenniston v. McDonald*, No. 15-CV-2724-AJB-

BGS, 2019 WL 2579965, at *7 (S.D. Cal. June 24, 2019) ("'When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a de novo review.' Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)."); *See Kenniston*, 2019 WL 2579965 at *7 (holding that an objection was not specific because it failed to "identify portions of the R&R to which he objected to regarding the insufficiency of evidence claims, much less state any specific basis for any objection.").

### B. Analysis

Petitioner's only objection to the R&R is to the "reasoning behind [the] denial of [petitioner's] writ of habeas corpus…" (Doc. 14 at 1). By objecting to all the reasoning behind the R&R, Petitioner fails to identify the specific portions which provide the basis for an objection, and thus makes a general objection to it. *See Kenniston*, 2019 WL 2579965 at *7. This Court's role is not to conduct a complete review of the R&R. *Thomas*, 474 U.S. at 148 (1985) (holding that appeal of an issue not specifically objected to would "force the district court to review every issue in every case, no matter how thorough the magistrate[] [judge's] analysis and even if both parties were satisfied with the magistrate[] [judge's] report . . ." and thus is inappropriate). A general objection has the same effect as a failure to object, in that the district court does not conduct de novo review of any portion of the R&R not specifically mentioned. *See Thomas*, 474 U.S. at 149. If allowed, a de novo review of the entire R&R would defeat the efficiencies intended by Congress in establishing magistrate judges. *Ramos v. Ryan*, No. CV-10-00542-TUC-FRZ, 2012 WL 1768095, at *2 (D. Ariz. 2012). As a result, Petitioner's general objection to the entire R&R does not contain the specificity required to warrant a complete de novo review. *See Mario*, 313 F.3d at 766. Petitioner's objection to the reasoning of the R&R is overruled.

### IV. Certificate of Appealability

Petitioner also requests a certificate of appealability in order to "further litigate his cause." (Doc. 13). In his initial habeas petition, Petitioner asserted that his 4th and 6th Amendment rights were violated through ineffective assistance of counsel and by the trial court's failure to notify him of the specific constitutional rights he waived upon pleading guilty. (Doc. 1 at 6, 8).

#### A. Governing Law

When a district court enters a final order adverse to the petitioner in a habeas corpus proceeding it must either issue or deny a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). This is required to appeal a final order in a habeas corpus proceeding. *Id*. A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003) (quoting 28 U.S.C. § 2253(c)(2)). Under this standard, the petitioner must demonstrate that "reasonable jurists could debate whether [ ] the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citation and internal quotation marks omitted).

#### B. Ineffective Assistance of Counsel

##### 1. The *Strickland* Standard

The controlling Supreme Court precedent on claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a convicted petitioner must show that their counsel's performance was objectively deficient, and that this prejudiced them. *Id*. at 687. To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Id*. at 690. When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Id*. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged

conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689. Review of counsel's performance is "extremely limited." *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir.1998), rev'd on other grounds, 525 U.S. 141 (1998). Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 689.

In addition to showing counsel's deficient performance, a petitioner must establish that he suffered prejudice as a result of that deficient performance. *Id*. at 691–92. To show prejudice, a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999); *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998). The prejudice component "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). It is not enough to merely show "that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. The court, however, may not assume prejudice solely from counsel's allegedly deficient performance. *Jackson v. Calderon*, 211 F.3d 1148 at 1155 (9th Cir. 2000).

In a federal habeas petition, a petitioner must do more than demonstrate that the state court applied *Strickland* incorrectly. *Bell v. Cone*, 535 U.S. 685, 698–99 (2002). Rather, he must show the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id*. Because the standards created by *Strickland* and § 2254(d) are both "highly deferential," review under both standards in tandem is even more deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011). (citations omitted). "[T]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. This standard requires a "substantial," not just "conceivable," likelihood of a different result if counsel had acted differently. *Id.* at 112.

### 2. Analysis

In this case, Petitioner claims that he received ineffective assistance of counsel at sentencing because his attorney did not have his mother speak at his sentencing hearing, failed to present or update letters of support for mitigation, and failed to present comparable sentences of other defendants. (Doc. 1 at 7). The state post-conviction relief court found that Petitioner's counsel's performance at sentencing did not fall below the objective standard of adequacy. (Doc. 6 at 37). In the R&R, the Magistrate Judge found this was not an unreasonable application of *Strickland*. (Doc. 13 at 9). This Court agrees with the findings of the R&R.

At the state court sentencing hearing, petitioner's counsel argued for the minimum sentence. (Doc. 8-1 at 25). In doing so the attorney pointed out Petitioner's age, possibility of rehabilitation, and the negative effect of a lengthy sentence as mitigating factors. (Doc. 8-1 at 25). By arguing multiple reasonable grounds for a lenient sentence, Petitioner's counsel satisfied her constitutional obligation. *See Strickland*, 466 U.S. at 686 ("The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."). Nothing in Petitioner's brief suggests that these arguments were objectively deficient or lacked competence. As pointed out by the Magistrate Judge, the omissions claimed by Petitioner could reasonably have been conscious choices made for strategic reasons. (Doc. 13 at 10). For example, Petitioner's counsel may have chosen not to update the letters of support because the original letters were written prior to Petitioner's admission to the crime. (Doc. 13 at 10). Similarly, Petitioner's counsel may have concluded that including the mother's testimony or comparable sentences of other defendant's would not aid their argument for leniency. Petitioner's defense counsel is entitled to deference in these strategic decisions. *See Cullen v. Pinholster*, 563 U.S. 170, 180-181 (2011). The state post-conviction relief court also specifically ruled that several statutory aggravating factors outweighed the mitigating factors presented, and this was the reason for the

1 sentence length. (Doc. 1 at 177-178). Petitioner's described omissions were not related to
2 and would not have impacted the weight of these aggravating factors. Given the highly
3 differential standard required during a habeas review under *Strickland*, Petitioner has not
4 established a substantial probability of a different result if the described omissions had
5 been included. *See Harrington*, 562 U.S. at 112. Petitioner has not made a colorable
6 Constitutional claim in this case.

      **C.**    **Voluntary Nature of the Guilty Plea**

           **1.**    **Governing Law**

9 "The Constitution requires that a plea be knowing, intelligent, and voluntary."
10 *Loftis v. Almager*, 704 F.3d 645, 647 (9th Cir. 2012). A criminal defendant waives three
11 Constitutional rights when he pleads guilty, that is the privilege against self-
12 incrimination, the right to a jury trial, and the right to confront one's accusers. *See*
13 *Godinez v. Moran*, 509 U.S. 389, 398 (1993). The Arizona Supreme Court has held that a
14 court's failure to orally specify these Constitutional rights during an acceptance of a
15 guilty plea does not invalidate it. *State v. Tiznado*, 112 Ariz. 156, 157 (1975). The Ninth
16 Circuit echoed this stating that a state court is not required to list all the rights a defendant
17 waives during the plea if the record indicates that it was entered voluntarily. *Rodriguez v.*
18 *Ricketts*, 798 F.2d 1250, 1254 (9th Cir. 1986). The validity of a guilty plea is thus
19 determined by examining the relevant circumstances surrounding it. *Brady v. United*
20 *States*, 397 U.S. 742, 749 (1970).

           **2.**    **Analysis**

22 Petitioner further claims that his Constitutional rights were violated because the
23 trial court did not specifically list the rights he waived by pleading guilty. (Doc. 1 at 8).
24 The Magistrate Judge disagreed stating that the Constitutional rights waived in the plea
25 agreement were listed in the writing of the plea agreement. (Doc. 13 at 16).

26 Prior to accepting Petitioner's guilty plea, the trial court informed Petitioner that
27 by choosing to plead guilty he would be waiving the right to be presumed innocent and to
28 remain silent. (Doc. 1 at 119-120). After conferring with his counsel, Petitioner signed

the written plea agreement which stated:

> "I have discussed the case and my constitutional rights with my lawyer. I understand that by leading guilty, I will be waiving and giving up my right to a trial by jury to determine guilt and to determine any fact used to impose a sentence within the range stated above…, to confront, cross-examine, compel the attendance of witnesses, to present evidence in my behalf, my privilege against self-incrimination and the presumption of innocence."

(Doc. 8-1 at 14).

All three of Petitioner's Constitutionally required rights were described in the written plea agreement. Petitioner orally reiterated that his counsel had explained the plea agreement to him and that he understood it. (Doc 1 at 150) (stating that he knew "the constitutional rights [he] was giv[ing] up by pleading guilty."). Considering the language of the plea agreement, Petitioner cannot reasonably claim he was uninformed of the waiver of his Constitutional rights. *Brady*, 397 U.S. at 748 (requiring "sufficient awareness of the relevant circumstances and likely consequences."). Thus, it is irrelevant whether these rights were orally described in the hearing as it is clear from the record that Petitioner was aware of and understood this waiver. *See Rodriguez*, 798 F.2d at 1254. Petitioner does not bring a colorable Constitutional claim through his assertion.

### D. Conclusion

The Court finds that reasonable jurists could not debate the Court's conclusion to dismiss with prejudice Petitioner's claims; nor has Petitioner made a substantial showing of the denial of a constitutional right. Therefore, Petitioner's objection seeking a certificate of appealability is overruled.

**IT IS ORDERED** that the Report and Recommendation (Doc. 13) is accepted and adopted, the Objections (Doc. 14) are overruled, and the Petition is denied and dismissed with prejudice.

///

1 **IT IS FURTHER ORDERED** that a Certificate of Appealability is denied.

2 Dated this 19th day of July, 2021.

James A. Teilborg
Senior United States District Judge